**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCOS EDUARDO MENDIOLA,

              Petitioner - Appellant,

v.

ANTHONY HEDGPETH, Warden,

              Respondent - Appellee.

No. 10-55748

D.C. No. 3:09-cv-01442-MMA-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

Marcos Mendiola appeals from the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. Mendiola argues that the state trial court erred

when it instructed the jury that it could consider whether voluntary intoxication

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

negated Mendiola's ability to form the specific intent necessary to commit murder and carjacking, but then failed to further instruct the jury on the lesser-included offenses of involuntary manslaughter and assault.

Even assuming that Mendiola had a basis to argue that the omission of these instructions constituted error under federal law, we agree with the district court that any such error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). As the California Court of Appeal recognized, Mendiola did not actually develop evidence to support an intoxication defense at trial. The evidence in the record establishes only that Mendiola had smoked methamphetamine shortly before the crime occurred. But there was no testimony, including from Mendiola himself, to suggest that Mendiola had used methamphetamine to the point of impairing his functioning or judgment. Indeed, Mendiola's description of conscious decisions he made—such as abandoning the car because he knew that police would be in the area and likely to pull him over—clearly undermined any contention that he was too intoxicated to form a specific intent to commit the murder and carjacking.

Moreover, the jury's verdict included a special allegation finding that Mendiola had committed the murder "with the specific intent to promote, further, or assist in any criminal conduct by gang members" within the meaning of

2

California Penal Code section 186.22(b)(1).  It is evident from this finding that the jury concluded that intoxication did not prevent Mendiola from acting with specific intent at the time the crime occurred.  (Although the California Court of Appeal reversed this finding, it did so on the ground that there was insufficient evidence that the gang with which Mendiola was alleged to be affiliated fell within the statutory definition, and that conclusion has no bearing on the inference we are drawing from the jury's intent finding.)

Given this record, the omission of instructions on lesser-included offenses could not have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (internal quotation marks omitted).

**AFFIRMED.**